Robert A. Mitchell, Jr.
Alicia M. Mitchell
22113 161ST Avenue East
Graham, Washington 98338

*In Propria Persona*



```
____ FILED    ____ LODGED
              ____ RECEIVED

         JAN 17 2023

    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Robert A. Mitchell, Jr. & Alicia M. Mitchell, Plaintiffs, <br> vs. <br> HOME POINT FINANCIAL CORP.; QUALITY LOAN SERVICE CORP. OF WASHINGTON; FREEDOM MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and PARENT COMPANY MERSCORP HOLDINGS, INC., and SYNERGY MORTGAGE SOLUTIONS LLC, Defendants | Case №.: 3:23CU 5038 BHS <br><br> COMPLAINT (MORTGAGE FRAUD; SECURITIES FRAUD; ) APPLICATION FOR PRELIMINARY INJUNCTION |

COME NOW Robert A. Mitchell, Jr. & Alicia M. Mitchell, *In Propria Persona*, and for their cause of action, complain against Defendants HOME POINT FINANCIAL CORP.; QUALITY LOAN SERVICE CORP. OF WASHINGTON; FREEDOM MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and PARENT COMPANY MERSCORP HOLDINGS, INC.

This court has jurisdiction pursuant to 28 U.S.C § 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

Plaintiffs Robert A. Mitchell and Alicia M. Mitchell, Plaintiffs, In Propria Persona, seek an Order preliminarily enjoining a Trustee's Sale currently scheduled for January 20, 2023, supported by the following:

I. PARTIES

1. Plaintiffs are Robert A. Mitchell, Jr. & Alicia M. Mitchell, *In Propria Persona*, who are, currently, and were at all relevant times herein, situated in the State of Washington, County of Pierce, City of Graham.
2. Defendants are HOME POINT FINANCIAL CORP., a Michigan Corporation, registered as a Foreign Profit Corporation in the State of Washington; QUALITY LOAN SERVICE CORP. OF WASHINGTON, a Washington Profit Corporation; FREEDOM MORTGAGE CORP., which may or may not be registered as a Foreign Profit Corporation in the State of Washington; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and PARENT COMPANY MERSCORP HOLDINGS, INC.

## II.   FACTS

3. On or about February 19, 2019, Robert A. Mitchell, Jr. & Alicia M. Mitchell, executed a "Uniform Residential Loan Application"[1] agreement with "SYNERGY MORTGAGE SOLUTIONS LLC", a Colorado Limited Liability Company then registered as a Foreign Limited Liability Company in the State of Washington[2], wherein "SYNERGY MORTGAGE SOLUTIONS LLC", Loan Origination Company NMLS #: 1735274, by and through Loan Originator Beau Solano, NMLS #: 649455, was to loan four hundred, thirty-nine, six hundred eighty-seven dollars ($ 439,687.00) and zero cents to Robert A. Mitchell, Jr. & Alicia M. Mitchell.
4. Upon information and belief, based in part upon correspondence received the following day (February 20, 2019) from defendant HOME POINT FINANCIAL CORP., defendant "SYNERGY MORTGAGE SOLUTIONS LLC" lacked the capital required to honor said agreement, and was engaged in a form of what has come to be known as "warehouse lending",[3] a practice that – while not openly and notoriously illegal –, is at least unscrupulous, adding an otherwise unnecessary "Broker's Fee" to the closing costs to be paid by Plaintiffs Robert A. Mitchell, Jr. & Alicia M. Mitchell.
5. The aforesaid agreement was fulfilled on March 23, 2019 by defendant Home Point Financial Corp., thereafter identified as "originating lender".
6. A Deed of Trust was executed that same day, identifying Robert A. Mitchell, Jr. and Alicia M. Mitchell, the borrowers, Home Point Financial Corp., [as] the originating lender, Mortgage Electronic Registration Systems, Inc. (MERS), named as nominee for the lender (and also as "beneficiary") and Quality Loan Service Corp. of Washington, as the trustee.
7. An Assignment of Deed of Trust was executed by MERS as nominee for Home Point Financial Corp (identified, from and after March 23, 2019 as "Lender"), naming Home Point Financial Corp., itself, as the assignee, on November 12, 2019.
8. The Court must take judicial notice pursuant to Fed.R.Ev. Rule 201 that MERS' longstanding position is that if a member of MERS (in this instance, Home Point Financial Corp) directs it to provide a written assignment of the mortgage or deed of trust or security deed, MERS has the legal authority as agent of each of its members to assign the security instrument to the member which is currently holding the note as reflected in the MERS database (in this instance, Home Point Financial Corp).
9. A subsequent Assignment of Deed of Trust was executed by Home Point Financial Corp., on November 15, 2021, naming Freedom Mortgage Corp. as the assignee of the Deed of Trust.
10. This series of Assignment(s) of Deed of Trust
    a. from Home Point Financial Corp (identified, from and after March 23, 2019 as "Lender")
    b. through its "nominee" MERS

---

[1] Freddie Mac Form 65 7/05 (rev. 6/09). Fannie Mae Form 1003 7/05 (rev. 6/09).
[2] Although SYNERGY MORTGAGE SOLUTIONS LLC is not otherwise identified as "Lender", the header specifies "This application is designed to be completed by the applicants with the Lender's assistance".
[3] "Warehouse lending is a short-term line of credit facility that is provided by a central lender to a small or remote lender in order to fund the closing of mortgages. The line is availed from the time a loan is granted by the small lender or purchased by it from another, and is paid off when the loan is sold by the small lender to the central lender. Warehouse lending made it possible for the central lender to accumulate loans faster than it could by lending those loans by itself." *Source: Mortgage Audit Report Deluxe Extended II*, to be introduced at trial.

    c. to itself; and

subsequently, by itself, to Freedom Mortgage Corp – while not openly and notoriously illegal –at least appears unscrupulous, in that it suggests one or more yet-to-be determined defects in the aforesaid agreement, the Deed of Trustm and/or the assignment process, that one or more of the defendants would rather not come to light.

11. The Court must take judicial notice pursuant to Fed.R.Ev. Rule 201 that the Note is the only competent evidence of the obligation sought to be foreclosed upon, while this series of Assignment(s) of Deed of Trust purports only to assign the *security* for the Note, and not the Note, itself.
12. As observed by the Hon. Robert E. Grossman, United States Bankruptcy Judge, EASTERN DISTRICT OF NEW YORK,

    "The only written assignment presented… is not an assignment of the Note but rather an "Assignment of Mortgage…"

    In re: Agard, Case No. 810-77338-reg., p. 21 of 37. Further,

    "MERS does not confirm that the Note was properly transferred or in fact whether anyone including agents of MERS had or have physical possession of the Note. What remains undisputed is that MERS did not have any rights with respect to the Note and other than as described above, MERS played no role in the transfer of the Note."

    In re: Agard, Case No. 810-77338-reg., p. 21 of 37.

13. Neither does Home Point Financial Corp, or any other Party. The only indication that the Note has been transferred – a vague indication, at best – is the Notice of Trustee's Sale, executed by defendant QUALITY LOAN SERVICE CORP. OF WASHINGTON; purporting to identify FREEDOM MORTGAGE CORP., as "Current Beneficiary of the Deed of Trust and Grantee (for Recording Purposes under RCW 65.04.015)" as well as "Current Loan Mortgage Servicer of the Deed of Trust".
14. The identity of the current Holder of the Note arising from the aforementioned agreement between Plaintiffs Robert and Alicia M. Mitchell and defendant "SYNERGY MORTGAGE SOLUTIONS LLC" has yet to be clearly established, and it would be unjust to allow the Trustee's Sale currently scheduled for January 20, 2023 to go forward.

    WHEREFORE, based upon the foregoing, Robert A. Mitchell and Alicia M. Mitchell, Plaintiffs, *In Propria Persona*, seek an Order preliminarily enjoining the Trustee's Sale currently scheduled for January 20, 2023, and, upon failure at hearing to clearly establish, by production of irrefutable proof of the identity of the current Holder of the Note – the only competent evidence obligation sought to be foreclosed – an Order making permanent such injunction.

Dated this **16** day of January, 2023.

_____
Robert A Mitchell, Plaintiff, *In Propria Persona*,

_____
Alicia M. Mitchell, Plaintiffs, *In Propria Persona*,